**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CSX Transportation, Inc.,

        Plaintiff,

vs.                            Case No.  3:10-cv-808-J-99MMH-MCR

Ven-Co Produce, Inc.,

        Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Final Judgment by Default (Doc. 7) filed January 7, 2011.  Defendant failed to file a response, and the time for doing so has passed.  The Court, having considered the Motion (Doc. 7), the declarations and their attachments (Docs. 8, 9), the Complaint (Doc. 1), and being otherwise advised in the premises, recommends Plaintiff's Motion be granted.

## I.    BACKGROUND

On September 7, 2010, Plaintiff filed a two-count Complaint against Defendant alleging default on a promissory note (the "Promissory Note") and breach of a contract for transportation services during the period from June 1, 2009 through August 31, 2009 (the "Freight Contract").  See (Doc. 1).  After various attempts at service, Plaintiff

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

served Defendant on November 23, 2010.[2]  See (Doc. 4).  Defendant failed to plead or otherwise defend and, on January 3, 2011, the Clerk of Court entered a default.  See (Doc. 6).

## II. ANALYSIS

### A. Whether Entry of a Final Judgment by Default is Appropriate

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," a default may be entered.  On January 3, 2011, the Clerk of Court entered a default against Defendant for failure to plead.  See (Doc. 6).

A party's default is deemed an admission of the plaintiffs well-pleaded allegations of fact.  Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987); see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").  Plaintiff's allegations, which are deemed true as a matter of law, are sufficient to justify Plaintiff's claims against Defendant for defaulting on the Promissory Note and breaching the Freight Contract.

---

[2]On October 15, 2010, Plaintiff mailed Defendant a Notice of Lawsuit and Request to Waive Service of Summons.  See (Doc. 9, ¶ 4).  Defendant failed to return the waiver within the 30-day period permitted by Federal Rule of Civil Procedure 4(d)(1)(F).  (Id.).

### B. Amount of Damages

Having found Plaintiff is entitled to a default judgment, the court then conducts an inquiry to ascertain the amount of damages. Arista Records. Inc. v. Beker Enter., Inc., 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003). In making this determination, the court may rely upon affidavits or documentary evidence to establish the proper amount of damages. Int'l Painters & Allied Trades Indus.Pension Fund v. R.W. Amrine Drywall Co., 239 F. Supp. 2d 26, 30 (D. D.C. 2002). As Plaintiff has established the amount of its damages as set forth in its Motion and accompanying declarations (Docs. 7, 8, 9), the Court is able to establish the amount of the default judgment without the necessity for an evidentiary hearing. See Directv, Inc. v. Huynh, 318 F.Supp.2d 1122, 1129 (M.D. Ala. 2004) ("As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits."); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985); Directv, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

Pursuant to the Promissory Note executed by Defendant on June 29, 2009, Defendant promised to pay Plaintiff the principal sum of $340,291.81 in nineteen monthly payments of $19,754.48. See (Doc. 8, ¶ 3). Defendant made the first monthly payment, but failed to make the subsequent eighteen monthly payments in full. (Id. at ¶ 5). Plaintiff has not received a payment from Defendant since April 29, 2010 and a principal balance of $195,863.47 remains due on the Promissory Note. (Id.).

Additionally, Defendant breached the Freight Contract by failing to pay for three shipments. (Id. at ¶¶ 8-10). Thus, Plaintiff is entitled to the additional principal sum of $31,821.00, for those three shipments. (Id. at ¶ 11).

Plaintiff is further entitled to an award of interest for both the Promissory Note and the Freight Contract. The Promissory Note expressly provides for interest at the rate of 12%, and the Freight Contract incorporates "Transportation Accessorial/ Supplemental Tariff CSXT 8100," which also provides for a finance charge of 12%. See (Doc. 8, ¶¶ 4, 5, 7). Therefore, the judgment sum should include an interest rate of 12% prior to the date of judgment, with interest accruing at the usual and lawful rate for federal court judgments thereafter.

### C. Attorneys' Fees and Costs

In addition to damages, under the terms of both the Promissory Note and the Freight Contract, Plaintiff is entitled to an award of attorneys' fees and collection costs. Plaintiff seeks $19,804.50 for attorneys' fees, costs and collection expenses incurred through December 31, 2010, including $2,113.00 for service of process. (Doc. 7, p. 2).

In the Eleventh Circuit, attorneys' fees are calculated under a "lodestar" formula by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Florida Supreme Court has also adopted the lodestar approach for the computation of reasonable attorney's fees. See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1150 (Fla. 1985). An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience, and reputation." Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541, 1547 n. 11 (1984)).  A reasonable number of hours spent should exclude those hours which are excessive, redundant, or otherwise unnecessary.  Id. at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933 (1983)).  As the Eleventh Circuit noted:

> "the court . . . is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Plaintiff has offered a schedule setting forth the costs and attorney time derived from the billing records of Holland & Knight LLP for its representation of Plaintiff in connection with this action.  See (Doc. 9, Ex. 5).  Upon review of the schedule submitted, the undersigned finds the number of hours billed by each attorney is not excessive, the number of hours spent were reasonably expended on this matter, and the hourly billing rates were also reasonable given the skill, experience, and reputation of Plaintiff's attorneys and the prevailing market rates for this type of legal work.  Therefore, under the Eleventh Circuit's lodestar calculation, Plaintiff should be granted an award of attorneys' fees in the amount of $17,869.50.

In addition to its attorneys' fees, Plaintiff is entitled to collection costs pursuant to the terms of both the Promissory Note and the Freight Contract.  Federal Rule of Civil Procedure 4(d)(2) provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

See Spivey v. Bd. of Church Extension & Home Mission of the Church of God, 160 F.R.D. 660, 663 (M.D. Fla. 1995) ("[T]he rules are not designed to require a factual inquiry prior to making a determination of whether to grant a motion for costs for failure to waive service. If the plaintiff properly complies with all of the requirements of Rule 4(d)(2), then costs are awarded.").

Here, Plaintiff properly complied with all of the requirements of Rule 4; however, Defendant failed to timely return the waiver of service requested by Plaintiff without good cause. As such, Plaintiff is entitled to recover the reasonable expenses incurred in making service and attorneys' fees incurred to collect those service expenses. According to Plaintiff's attorney's declaration, the amount of collection costs incurred by Plaintiff to enforce its rights is $1,935.00. See (Doc. 9, ¶ 16). Thus, the judgment should include $1,935.00 in costs.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Motion for Final Judgment by Default (Doc. 7) be **GRANTED** and the Clerk be directed to enter final judgment in Plaintiff's favor in the total amount of $247,488.97, the sum to include an interest rate of 12% prior to the date of judgment, with interest accruing at the usual and lawful rate for federal court judgments thereafter.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of January, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
    District Court Judge

Counsel of Record

Ven-Co Produce Inc.,
c/o Angela Venuti,
15 Stratton Road,
Purchase, NY 10577