**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CSX TRANSPORTATION, INC.,

        Plaintiff,

v.                                     Case No. 3:10-cv-808-J-34MCR

VEN-CO PRODUCE, INC.,

        Defendant.

_____/

**O R D E R**

      **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. No. 10;

Report) entered by the Honorable Monte C. Richardson, United States Magistrate Judge,

on January 27, 2011.  In the Report, Judge Richardson recommends that Plaintiff's Motion

for Entry of Final Judgment by Default Awarding Damages and Taxing Attorneys' Fees and

Costs (Doc. No. 7; Motion) be granted "and the Clerk be directed to enter final judgment in

Plaintiff's favor in the total amount of $247,488.97, the sum to include an interest rate of 12%

prior to the date of judgment, with interest accruing at the usual and lawful rate for federal

court judgments thereafter."  Report at 6.  Although Judge Richardson advised the parties

of their right to file objections to the Report, neither party has filed any objections.

Accordingly, this matter is ripe for resolution.

## I. Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

## II. Background

On September 7, 2010, Plaintiff filed a two-count complaint (Doc. No. 1; Complaint) against Defendant alleging Defendant's default on a promissory note (the "Promissory Note") and Defendant's breach of a contract for transportation services during the period from June 1, 2009, through August 31, 2009 (the "Freight Contract").  See generally Complaint.  After various attempts at service, Plaintiff served Defendant on November 23, 2010.  By December 29, 2010, Defendant had not filed an answer or otherwise appeared in this case. Accordingly, on January 3, 2011, upon motion of Plaintiff, the Clerk of the Court entered an Entry of Default against Defendant in this matter.  See Motion for Entry of Clerk's Default (Doc. No. 5); Entry of Default (Doc. No. 6).  Subsequently, on January 7, 2011, Plaintiff filed the Motion pursuant to Rule 55.  The Motion was referred to Judge Richardson who entered the Report on January 27, 2011.

## III. Discussion

As noted by Judge Richardson, Rule 55 sets forth the requirements for entry of default judgment.  A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986).  While all well-pleaded allegations of fact are deemed admitted upon entry of default, before entering a default judgment the Court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] See also GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).  In addition, a court must consider whether an evidentiary hearing on the question of damages is warranted.  "[A] judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979). See also SEC v. Smyth, 420 F.3d 1225, 1231-32 (11th Cir. 2005). However, where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary. See Smyth, 420 F.3d at 1232 n.13.

---

[1] This case and all Fifth Circuit cases decided prior to September 30, 1981 are binding precedent pursuant to Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

### A.)  Jurisdiction and Liability

In the Report, Judge Richardson concludes, without discussion, that "Plaintiff's allegations, which are deemed true as a matter of law, are sufficient to justify Plaintiff's claims against Defendant for defaulting on the Promissory Note and breaching the Freight Contract."  Report at 2.  While the Court agrees with Judge Richardson's conclusion, the Court finds it necessary to set forth in the record the basis for the Court's jurisdiction and an analysis of whether the Complaint adequately states claims for which relief may be granted.

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) over Count One of the Complaint relating to Defendant's alleged default on the Promissory Note because the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."[2]  Additionally, pursuant to 28 U.S.C. § 1367, the Court may exercise its supplemental jurisdiction over Count Two of the Complaint relating to Defendant's alleged breach of the Freight Contract.[3]  In the Complaint and its attached exhibit[4], Plaintiff alleges claims against Defendant for defaulting on the Promissory Note and breaching the Freight Contract.  Due to the Clerk's Entry of Default (Doc. No. 6), Defendant is deemed to have admitted all well-pleaded allegations of fact set forth in the Complaint.  As such, the Court turns to a review of the allegations in the

---

[2]The Complaint adequately alleges diversity of citizenship in that it alleges that Plaintiff is a citizen of Virginia and Florida, and Defendant is a citizen of New York.  See Complaint at 1-2.

[3]The allegations of the Complaint warrant the Court's exercise of its supplemental jurisdiction over Count Two.  See Complaint at 1-2.  Further, the Court does not identify any reason to decline to exercise supplemental jurisdiction.  See 28 U.S.C. § 1367(c).

[4]Plaintiff attached a copy of the Promissory Note as Exhibit 1 to the Complaint.  Accordingly, the Court considers the Promissory Note to be part of the Complaint.  See Rule 10(c).

Complaint to determine whether they are sufficient to support entry of judgment in Plaintiff's favor.

In Count One of the Complaint, Plaintiff sets forth a claim based upon Defendant's alleged default on the Promissory Note.  In the Promissory Note, Defendant "agree[d] that its rights and obligations under th[e] [Promissory Note] shall be determined and governed by the laws of the Commonwealth of Pennsylvania."  Complaint, Ex. 1 at 3.  Thus, the Court looks to Pennsylvania law to determine whether Count One of the Complaint states a proper claim for relief.  Under Pennsylvania law, a breach of contract action requires "(1) the existence of a contract, (2) a breach of a duty imposed by the contract, and (3) damages." Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 716 (Pa. Super. Ct. 2005) (citing J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)). See also McShea v. City of Phila., 995 A.2d 334, 340 (Pa. 2010).

In the Complaint, Plaintiff has alleged the existence of a contract, the Promissory Note, and has attached a copy of the Promissory Note as Exhibit 1 to the Complaint.  See Complaint at 3; Complaint, Ex. 1.  Plaintiff further avers that Defendant breached its duty under the Promissory Note "by failing to make the payments required[.]"  See Complaint at 3-4.  Finally, Plaintiff contends that as "a result of such default, [Plaintiff] has been damaged." Id. at 4.  Based upon these well pleaded allegations, which Defendant has admitted by its default, the Court finds that Plaintiff has established a prima facie case for breach of contract as to Count One of the Complaint.

In Count Two of the Complaint, Plaintiff asserts a claim based upon Defendant's alleged breach of the Freight Contract. Under Florida law[5], "[a]n adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." Friedman v. N.Y. Life Ins. Co., 985 So. 2d 56, 58 (Fla. 4th DCA 2008) (citations omitted). See also Abbott Laboratories, Inc. v. Gen. Elec. Capital, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). Plaintiff alleges the existence of a valid contract, the Freight Contract.[6] Complaint at 4-5. Plaintiff asserts that, pursuant to the Freight Contract, it agreed to provide and did provide transportation services to Defendant. Additionally, Plaintiff alleges that Defendant materially "breached the [Freight Contract] with [Plaintiff] by failing to pay [Plaintiff's] charges for . . . three shipments[.]" Id. at 5. Finally, Plaintiff asserts that as "a result of such breach, [it] has been damaged." Id. Thus, the well pleaded allegations of Count Two of the Complaint, which Defendant has admitted by its default, establish a prima facie case under Florida law for breach of the Freight Contract.[7]

---

[5] "Except in matters governed by federal law, when as here a federal court's jurisdiction is predicated upon the diversity of citizenship of the parties, the federal court must apply the substantive law of the state in which it is sitting." Md. Cas. Co. v. Williams, 377 F.2d 389, 392 (5th Cir. 1967). As the Court sits in Florida and Plaintiff has not provided information suggesting that the law of a state other than Florida governs the terms of the Freight Contract, the Court applies Florida law to Count Two of the Complaint.

[6] Plaintiff did not attach a copy of the Freight Contract to the Complaint. However, this does not detract from the sufficiency of Plaintiff's breach of contract claim. See Spring Air Int'l, LLC v. R.T.G. Furniture Corp., No. 8:10-cv-1200-T-33TGW, 2010 WL 4117627, at *5 (M.D. Fla. Oct. 19, 2010); Gulf Coast Produce, Inc. v. Am. Growers, Inc., No. 07-80633-CIV, 2008 WL 660100, at *2 (S.D. Fla. Mar. 7, 2008); Coyne v. Lucky M.K., Inc., No. 205CV25FTM29SPC, 2005 WL 1309267, at *2 (M.D. Fla. May 31, 2005).

[7] In an abundance of caution, the Court observes that the allegations of Count Two are also sufficient to state a claim for breach of contract under Pennsylvania law.

**B.)  Damages**

In the Motion, Plaintiff contends that it "has established the amount of its damages . . . thereby enabling the Court to establish the amount of the default judgment without the necessity for an evidentiary hearing."  Motion at 4.  Plaintiff demands judgment for the principal sums due under the Promissory Note and the Freight Contract as well as pre-judgment interest on those sums accruing at the contractual rate of twelve percent (12%).[8] See id. at 4-5; see generally Complaint.  In support of its claim for damages, Plaintiff submitted the Declaration of R. Kay Fearrington ("Fearrington") (Doc. No. 8; Fearrington Declaration).  Fearrington, a Manager of Credit Litigation for Plaintiff who attests that she is "thoroughly familiar with [Plaintiff's] books and records regarding credit and collection disputes," states that based upon "personal knowledge and [a] review of [Plaintiff's] business records, the current outstanding principal balance [on the Promissory Note] is $195,863.47." Fearrington Declaration at 1-2.  Fearrington also represents that Defendant owes Plaintiff a principal sum of "31,821.00 for failing to pay [Plaintiff] . . . pursuant to [the terms of] the [Freight Contract]."  Id. at 3.

In consideration of the foregoing, the Court concludes that the damages in this action are capable of calculation based on evidence before the Court.  Accordingly, the Court agrees with and adopts Judge Richardson's finding that "the Court is able to establish the amount of the default judgment without the necessity for an evidentiary hearing."  Report at 3.  Thus, based upon the allegations of the Complaint which are admitted, as well as the

---

[8]Both the Promissory Note and the Freight Contract specify that interest should accrue on the debt at a rate of 12%.  See Complaint at 3, 5; Complaint, Ex. 1 at 1.

information provided "under penalty of perjury" in the Fearrington Declaration, the Court finds that with regard to the Promissory Note, Plaintiff is due to be awarded the principal sum of $195,863.47 together with pre-judgment interest accruing at a rate of twelve percent (12%) per annum (or $64.39 per diem) from April 29, 2010, up to and including the date of judgment.  By the Court's calculation, 390 days have elapsed since April 29, 2010.  Thus, Plaintiff is due to be awarded $25,112.10 in pre-judgment interest on the Promissory Note.

With regard to the breach of the Freight Contract set forth in Count Two of the Complaint, the Court finds that Plaintiff is due to be awarded the principal sum of $31,821.00 together with pre-judgment interest accruing at a rate of twelve percent (12%) per annum (or $10.46 per diem) from July 28, 2009[9], up to and including the date of judgment.  By the Court's calculation, 665 days have passed since July 28, 2009.  Accordingly, Plaintiff is due to be awarded $6,955.90 in pre-judgment interest pursuant to the terms of the Freight Contract.

### C.) Attorneys' Fees and Costs

Upon review of the Report and the applicable law, the Court adopts Judge Richardson's determinations regarding the award and amount of attorneys' fees and costs

---

[9]Fearrington identifies July 28, 2009, as the date of the third, and most recent, freight bill upon which Defendant defaulted under the Freight Contract.  See Fearrington Declaration, Ex. 1.

in this action.[10]  See Report at 4-6.  Therefore, the Court will award Plaintiff attorneys' fees

and costs in the amount of $19,804.50.

### D.)  Additional Requests

In the "Conclusion" section of the Motion, Plaintiff, without discussion or citation of

authority, requests that the Court:

> 2.  Order that Ven-Co Produce Inc. shall complete, under oath, Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet), including all required attachments, and serve it on CSX Transportation, Inc.'s attorney within sixty (60) days from the date of the final judgment, unless the final judgment is satisfied or post-judgment discovery is stayed;

> 3.  Retain jurisdiction of the Court to enter further orders that are proper to compel Ven-Co Produce Inc. to complete Form 1.977, including all required attachments, and serve it on CSX Transportation, Inc.'s attorney;

> 4.  Reserve jurisdiction to determine the amount, if any, to be awarded pursuant to Section 57.115[11], Florida Statutes and/or contract, for reasonable costs and attorneys' fees incurred by CSX Transportation, Inc. in connection with execution on the final judgment[.]

------

[10] In the Report, Judge Richardson notes that the Eleventh Circuit Court of Appeals and the Florida Supreme Court have adopted a "lodestar" formula to calculate reasonable attorneys' fees.  Report at 4.  Under this "lodestar" formula, attorneys' fees are calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  Id.  The Court observes that the Third Circuit Court of Appeals and Pennsylvania courts employ the same "lodestar" approach when computing reasonable attorneys' fees.  See Holmes v. Millcreek Twp. Sch. Dist., 205 F.3d 583, 595 (3d Cir. 2000) ("The accepted procedure for determining a reasonable fee award is to multiply reasonable hours expended on a matter by a reasonable billing rate for the attorneys who performed the tasks involved."); Pa. Envtl. Def. Found. v. Canon-McMillan Sch. Dist., 152 F.3d 228, 231-32 (3d Cir. 1998); Signora v. Liberty Travel, Inc., 886 A.2d 284, 293 (Pa. Super. Ct. 2005) ("As a general rule, the method of determining a fee for legal services provided on an hourly basis is to multiply the total number of hours reasonably expended by the reasonable hourly rate.  The resulting figure is known as the 'lodestar' fee[.]").

[11] The relevant statutory text provides: "The court may award against a judgment debtor reasonable costs and attorney's fees incurred thereafter by a judgment creditor in connection with execution on a judgment." Fla. Stat. § 57.115(1).  Given the discretionary nature of the statutory language, and the lack of any factual development for this request, the Court determines that the request is due to be denied.

Motion at 7.  In reaching his ultimate recommendation, Judge Richardson did not expressly address the relief requested above.  Indeed, the Report makes no mention of this relief. However, Judge Richardson did specifically recommend granting Plaintiff relief to the extent Plaintiff seeks an award of monetary relief related to principal, interest, attorneys' fees, and collection costs already incurred.  See Report at 6.  As such, the Court construes Judge Richardson's decision as rejecting Plaintiff's requests for such additional relief.  Plaintiff has not provided, and the Court does not independently discern, any basis in the Motion for the Court to grant the discretionary relief Plaintiff seeks above.  Thus, the Court will adopt Judge Richardson's decision which the undersigned construes to recommend a denial of this relief.

## IV. Conclusion

In light of the foregoing, it is hereby **ORDERED**:

1.  Magistrate Judge Richardson's Report and Recommendation (Doc. No. 10) is **ADOPTED** to the following extent:

a) Plaintiff's Motion for Entry of Final Judgment by Default Awarding Damages and Taxing Attorneys' Fees and Costs (Doc. No. 7) is **GRANTED, in part**, and **DENIED, in part**.

b) The Motion is **GRANTED to the extent** that Plaintiff is awarded damages in the amount of $227,684.47 as of May 24, 2011, together with pre-judgment interest in the amount of $32,068.00 as well as $19,804.50 in attorneys' fees and costs.

c) Post-judgment interest shall accrue at the statutory rate.

d) Plaintiff's Motion is **DENIED** in all other respects.

2.   The Clerk of Court is directed to enter judgment in favor of Plaintiff, CSX Transportation, Inc., and against Defendant, Ven-Co Produce, Inc., in accordance with this Order, terminate all pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 24th day of May, 2011.

MARCIA MORALES HOWARD
United States District Judge

lc14

Copies to:

The Honorable Monte C. Richardson

Counsel of Record